IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PENNSYLVANIA CARRIER'S          :
COALITION, ATX LICENSING, INC., :
FULL SERVICE COMPUTING CORP.,   :
trading as Full Service         :
Network, LINE SYSTEMS, INC.,    :
and REMI RETAIL COMMUNICATIONS, :
L.L.C.,                         :
                                :
                 Plaintiffs     : No. 4:CV-05-714
                                :
          v.                    : Notice of Removal filed 4/8/05
                                :
PENNSYLVANIA PUBLIC UTILITY     : (Judge Muir)
COMMISSION, VERIZON             :
PENNSYLVANIA, INC., AND         :
VERIZON NORTH, INC.,            :
                                :
                 Defendants     :


ORDER
April 21, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On April 8 and 11, 2005, Defendants Pennsylvania Public

Utility Commission, Verizon Pennsylvania, Inc., and Verizon North,

Inc., removed the above-captioned action to this court from the

Commonwealth Court of Pennsylvania.[1]  Plaintiffs in their pleadings

filed in state court allege that they were denied due process when

the Public Utility Commission modified an order issued in 1999

which controlled the relationship between Plaintiffs and Defendants

Verizon Pennsylvania Inc., and Verizon North, Inc.(hereinafter

_____

[1]The Pennsylvania Public Utility Commission filed a separate
notice of removal.  That notice of removal was assigned case
number 4:CV-05-728.  By order of April 13, 2005, case number
4:CV-05-728 was consolidated with case number 4:CV-05-714 and the
Clerk directed to close case number 4:CV-05-728.

collectively referred to as "Verizon").[2]  The 1999 order required

Verizon to offer wholesale access to its unbundled telephone

network.[3]  Plaintiffs rely on a section of the Pennsylvania Public

Utility Code which states as follows:

> The commission may, at any time, after notice and
> after opportunity to be heard as provided in
> this chapter, rescind or amend any order made by
> it.

66 Pa.C.S.A. § 703(g).  Plaintiffs contend that under § 703(g) the

Public Utility Commission was required to provide them with notice

of the proposed modification of the 1999 order and a hearing prior

to the effective date of any change to that order.  Plaintiffs rely

exclusively on state law.  They do not raise a federal due process

claim.

The basis for removal asserted by Defendants is that

Plaintiffs' state court pleadings raise a federal question.[4]  They

---

[2]On April 20, 2005, Plaintiff Remi Retail Communications, L.L.C., filed a notice opting out of this litigation.

[3]The 1999 order of the PUC has been referred to by the parties as the Global Order.

[4]Verizon refers to 28 U.S.C. §§ 1331 and 1441(b) in its notice of removal.  The Pennsylvania Public Utility Commission refers to 28 U.S.C. § 1441(b) in its notice of removal.  Section 1331 states as follows:

> The district courts shall have original jurisdiction
> of all civil actions arising under the Constitution,
> laws, or treaties of the United States.

Section 1441(b) states in pertinent part as follows:

> Any civil action of which the district courts have
> original jurisdiction founded on a claim or right
> arising under the Constitution, treaties or laws of
> the United States shall be removable without regard
> to the citizenship or residence of the parties. . . .

argue that the federal Telecommunications Act of 1996 and related regulations promulgated by the Federal Communications Commission provide this court with subject-matter jurisdiction. They also contend that recent regulatory action by the FCC relieved Verizon of its obligation to provide Plaintiffs with access to its unbundled telephone network. This regulatory action is embodied in what is known as the Triennial Review Remand Order or TRRO released by the FCC on February 4, 2005. The pertinent portion of the TRRO, set forth in the executive summary of that document, states as follows:

> Mass Market Local Circuit Switching. Incumbent [Local Exchange Carriers] have no obligation to provide competitive [Local Exchange Carriers] with unbundled access to mass market local circuit switching. We adopt a 12-month plan for competing carriers to transition away from use of unbundled mass market local circuit switching. This transition plan applies only to the embedded customer base, and does not permit competitive LECs to add new switching [Unbundled Network Elements][5]

See Doc. 24, Exhibit C. According to Verizon, the FCC's TRRO has relieved Verizon from its unbundling obligations for mass market local switching and it is not required to accept new orders for Unbundled Network Elements-Platforms using unbundled switching on or after March 11, 2005.

On April 12, 2005, Plaintiffs filed a motion to remand this action to state court. That motion became ripe for disposition on April 19, 2005, with the filing of Plaintiffs' reply

---

[5]Verizon is an incumbent local exchange carrier and Plaintiffs are competitive local exchange carriers.

brief.[6]

The Defendants have the burden of establishing that removal was warranted. Dukes v. U.S. Health Care, 57 F.3d 350, 359 (3d Cir. 1995). Furthermore, the removal statutes are to be strictly construed and all doubts with respect to this court's subject-matter jurisdiction to entertain a case are to be resolved in favor of remand. Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996).

The key question before the court is whether or not we have federal question jurisdiction to entertain the present action. The United States Supreme Court has held that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)(citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936). A plaintiff is entitled to remain in state court so long as its complaint does not "affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). A plaintiff may avoid federal jurisdiction by relying exclusively on

---

[6] On April 18, 2005, we issued an order which authorized any party to elect that the undersigned recuse himself from presiding over this case by April 20, 2005, at 3:00 p.m. None of the parties did so. If such an election had been made, the case would have been reassigned by the Clerk of Court to another judge and the Clerk of Court would not have revealed the identity of the electing party to the undersigned judge.

state law.  <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. at 392.
Furthermore, just because federal law may come into the case as
part of a defendant's defense, or even as background, does not make
the case removable. <u>Franchise Tax Bd. v. Construction Laborers
Vacation Trust</u>, 463 U.S. 1, 10 (1983).

The Plaintiffs' pleadings in this case only raise claims
under state law, i.e., a violation of a state law requiring notice
and a hearing, and a request for injunctive relief pending the
state's compliance with the state law.  Although Defendants have
asserted a defense of preemption, a defense claim that federal law
preempts a plaintiff's action is insufficient to justify removal to
federal court. <u>Dukes</u>, 57 F.3d at 353-54; <u>Caterpillar, Inc. v.
Williams</u>, 482 U.S. at 398 ("The fact that a defendant might
ultimately prove that a plaintiff's claims are pre-empted under [a
federal statute] does not establish that they are removable to
federal court."). We are unpersuaded by Defendants' argument that
Plaintiffs have raised a federal claim which was properly removed
to this court.

Federal courts have "recognized an exception to the well-
pleaded complaint rule -- the 'complete preemption' exception --
under which 'Congress may so completely pre-empt a particular area
that any civil complaint raising this select group of claims is
necessarily federal in character.'" <u>Dukes</u>, 57 F.3d at 354 (citing
<u>Metropolitan Life Insurance Co. v. Taylor</u>, 481 U.S. 58, 63-64
(1987)). Defendants have argued that the Telecommunications Act of
1996 completely preempts Plaintiffs' state law claims.   They

contend that Congress has preempted the area of unbundling obligations under section 251 of the Telecommunications Act of 1996. We are unpersuaded by this argument. Defendants rely on the case of <u>United States Telecom Ass'n v. FCC</u>, 359 F.3d 554 (D.C. Cir. 2004). However, that case did not reach the issue of preemption of state law. Id. at 594. Furthermore, the Court of Appeals for the Eighth Circuit has stated as follows:

> Even when the FCC issues rules pursuant to its valid rulemaking authority under section 251, subsection 251(d)(3) prevents the FCC from preempting a state commission order that establishes access and interconnection obligations so long as the state commission order (I) is consistent with the requirements of section 251 and (ii) does not substantially prevent the implementation of the requirements of sections 251 . . . This provision does not require all state commission orders to be consistent with all of the FCC's regulations promulgated under section 251. The FCC [and here, Verizon] attempts to read such a requirement into this subsection by asserting that a state policy that is inconsistent with an FCC regulation is necessarily also inconsistent with the terms of section 251 and substantially prevents the implementation of section 251. [citations omitted] <u>The FCC's [and Verizon's] conflation of the requirements of section 251 with its own regulations is unwarranted and illogical. It is entirely possible for a state interconnection or access regulation, order, or policy to vary from a specific FCC regulation and yet be consistent with the overarching terms of section 251 and not substantially prevent the implementation of section 251. . . In this circumstance, subsection 251(d)(3) would prevent the FCC from preempting such a state rule, even though it differed from an FCC regulation.</u>
>
> *   *   *   *   *   *   *   *   *
>
> <u>The FCC's [and here, the Defendants'] statement that state rules must be consistent with the Commission's regulations promulgated pursuant to</u>

<u>section 251 is not supportable in light of</u>
<u>subsection 251(d)(3)</u>.[7]

<u>Iowa Utilities Board v. FCC</u>, 120 F.3d 753, 806-807 (8th Cir. 1997),

affirmed in part and vacated in part, <u>AT & T v. Iowa Utilities</u>

<u>Board</u>, 525 U.S. 336 (1999)(emphasis and bracketed insertions

added).  This particular holding by the Court of Appeals for Eighth

Circuit was not affected by the Supreme Court's review.

We reject Defendants' contention that Congress completely

preempted the area of unbundling obligations.  <u>See also</u> <u>Smith v.</u>

<u>GTE Corp.</u>, 236 F.3d 1292, 1313 (11th Cir. 2001)("We have noted that

'the [Supreme] Court has revisited the complete preemption doctrine

only sparingly' and has found complete preemption only in the

context of two federal statutes -- the Labor Management Relations

Act . . . and the Employment Retirement Income Security Act . . .

Furthermore, 'although the Supreme Court recognizes the existence

of the complete preemption doctrine, the Court does so hesitatingly

---

[7]Subsection 251(d)(3) states as follows:

(3) Preservation of State access regulations

In prescribing and enforcing regulations to
implement the requirements of this section,
the Commission shall not preclude the
enforcement of any regulation, order, or
policy of a State commission that

(A) establishes access and interconnection
obligations of local exchange carriers;
(B) is consistent with the requirements of
this section; and
(C) does not substantially prevent implementation
of the requirements of this section and the
purposes of this part.

47 U.S.C.A. § 251(d)(3).

and displays no enthusiasm to extend the doctrine into areas of law beyond the LMRA and ERISA.'").

Under the circumstances presented, there are many doubts regarding the jurisdiction of this court to entertain Plaintiffs' action.  Consequently, we will abide by the requirement that all doubts be resolved in favor of remand.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  Plaintiffs' motion to remand (Doc. 8) is granted.

2.  This case is remanded to the Commonwealth Court of Pennsylvania.

3.  The Clerk of Court shall close the file in this case.

s/Malcolm Muir
_____
MUIR, U.S. District Judge

MM:gs